# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2020

Lyle W. Cayce
Clerk

No. 19-60397
Summary Calendar

Consolidated with 19-60398

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONTRELLE DESHAUN SANFORD,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-5-2
USDC No. 3:18-CR-14-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to conspiracy to commit money laundering and later while in prison to possession of contraband in a Federal Correctional Institute, Dontrelle Deshaun Sanford was sentenced to two concurrent terms of supervised release. Upon Sanford's concessions that he violated conditions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60397
c/w No. 19-60398

of each term of supervision, the district court revoked both of Sanford's supervised release terms and sentenced him to a combined sentence of 24 months of imprisonment. He now appeals his revocations and his combined sentence.

Sanford argues first that the district court erred by revoking his supervised release in both cases based on technical Grade C violations. A defendant's supervised release may be revoked, and a term of imprisonment imposed, if the district court finds by a preponderance of the evidence that the defendant violated any condition of his release, including a Grade C violation. 18 U.S.C. § 3583(e)(3); *see* U.S.S.G. § 7B1.3(a)(2), p.s.

Sanford admitted that in connection with his supervision in the money laundering case, he was dismissed from a community correction center for his repeated failure to follow its rules and that in connection with his supervision in the contraband case, he failed to make any payments on the court-ordered fine. Sanford's concessions sufficed for the district court to find by a preponderance of the evidence that he had violated the conditions of his release requiring that he complete a six-month placement in a community correction center and that he pay a $500 fine, and therefore the district court did not abuse its discretion by revoking his two terms of supervision. *See United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). Sanford has abandoned any challenge to any error based on the procedural requirements set forth in *Bearden v. Georgia,* 461 U.S. 660, 672 (1983), due to his failure to adequately brief the argument. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

With regard to Sanford's sentence, he has not shown that it is plainly unreasonable. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). In particular, before imposing a combined revocation sentence of 24 months,

No. 19-60397
c/w No. 19-60398

i.e., concurrent sentences of 24 months on the money laundering revocation and 12 months on the contraband revocation, the district court considered the policy statement in U.S.S.G. § 7B1.4(a); the recommended ranges; the applicable 18 U.S.C. § 3553(a) factors; and the parties' extensive arguments. The court explained that it sentenced Sanford above the recommended range in the money laundering case based on his numerous violations of the community center's rules and because the instant revocation was the second time he had been revoked by the court. The record indicates that the district court did not fail to account for a factor that should have received significant weight, nor did it give significant weight to an irrelevant or improper factor, or commit a clear error of judgment in balancing the § 3553(a) factors. *See Warren*, 720 F.3d at 332.

Additionally, although the 24-month revocation sentence in the money laundering case was above the recommended range, it did not exceed the statutory maximum sentence. *See* 18 U.S.C. § 1956(a)(1), (h); 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(e). We have routinely upheld revocation sentences exceeding the policy statement range, but not the statutory maximum, against challenges that the sentences were substantively unreasonable. *See Warren*, 720 F.3d at 332.

The district court's judgments are AFFIRMED.